No. 16,079.

Koch *v.* Monaghan et al.
(205 P. [2d] 652)

Decided April 18, 1949.

Mr. George Fischer, Mr. Blaise J. Jacobucci, Mr. Isaac Mellman, for plaintiff in error.

Messrs. January & Yegge, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The parties appear here in the same order as in the trial court, and reference will be so made.

Plaintiff, on September 30, 1946, filed his complaint, alleging in substance, as follows: That on or about September 10, 1941, plaintiff entered into a five-year written lease on eighty acres of land in Adams county with the then owner, Mary H. Smith, who later assigned her interest in the lease to the defendants. The

lease was on a crop-share rental basis, one-fourth of all crops to be paid to the lessor. The plaintiff went into possession and was in possession as tenant during the times involved herein; that in May, 1946, plaintiff seeded the acreage to millet, intending to harvest same during the latter part of August or early part of September; that weather conditions prevented him from harvesting the crop; that defendants on the 19th of September took over possession of the leased premises and plaintiff's crop was plowed under; that the value of plaintiff's share of the crop was three thousand dollars and that he had been damaged in that amount, for which he prayed judgment.

A motion to dismiss filed by defendants was overruled and in due course, they answered alleging, in substance, that the lease, by its specific terms, expired on September 10, 1946 and the defendants were entitled to possession as of that date; that on July 8, 1946, more than sixty days before the expiration of the lease, defendants served written notice on the plaintiff terminating tenancy and demanding possession on September 10, 1946, and that failure to remove crops prior to that date would be deemed abandonment of the crops and that defendants would take complete possession on that date; that on about April 6, 1946, and prior to the time plaintiff planted his crop, defendants notified plaintiff in writing that the lease had been assigned to defendants and called plaintiff's attention to the fact that the lease would expire by its terms on September 10, 1946, and further advised plaintiff not to plant any crops that could not be harvested on or before that date; that plaintiff acquiesced in said notice and assured defendants that any crops that he planted would be removed before September 10, 1946.

On the trial, plaintiff and defendants submitted all their evidence and at the conclusion, counsel for defendants moved the court for a directed verdict which

was sustained by the court, and to the judgment entered following the verdict by direction, plaintiff assigns error.

The principal points urged here by plaintiff for reversal are, in substance, that the court erred in holding that the forcible entry and detainer statute, section 4, subdivision 3, and section 5, chapter 70, '35 C.S.A., did not apply in the case; that the court erred in holding plaintiff was not entitled to the away-going crops upon the expiration of the lease; and in rejecting plaintiff's offer of proof as to custom and usage concerning the right of a tenant to harvest a crop which matures after the lease expiration.

There is no material conflict in the evidence showing the following facts, briefly stated:

The lease under which the plaintiff was in possession is an exhibit in the case and contained the exact and fixed day of termination as September 10, 1946; that plaintiff not only had the expiration date in mind about May 1, 1946, but admits that defendants, on about that day, requested him not to plant a crop that would not mature and be harvested by the expiration date; plaintiff admits service, in July, of the written notice of termination of tenancy by September 10, 1946; plaintiff was advised to plant beans, but stated he could not get seed and sowed millet, thinking it was a short crop and would mature in time to be harvested before the lease terminated; that heavy rain about the first of September prevented maturity of the crop and that it would not have been mature before October 1. There is some conflict in the evidence as to whether or not the millet could have been cut for hay, and further dispute as to the quantity, quality, and value of the crop that was plowed under by defendants on September 19, 1946; however, this is of no consequence, since the case must stand or fall on the question of plaintiff's right to harvest this crop after the termination of the tenancy.

There is no uncertainty about the tenure of the lease. Plaintiff knew the date of termination at the time he planted his crop and was cautioned in regard thereto. Defendants, to be doubly sure that plaintiff would not be taken by surprise and injured, served plaintiff with a sixty-days' written notice prior to the termination of the lease, without being required to do so. The lease here involved is not a lease from year to year or for an indefinite term, but is a lease where the tenancy is fixed and certain. For these reasons, the sections of the statutes relied upon by plaintiff do not apply.

The case before us is controlled by our decision in *Millage v. Spahn*, 115 Colo. 444, 175 P. (2d) 982, wherein Mr. Justice Jackson ably discussed the pertinent law and statutes and clearly distinguished between a contract for a definite term and one for an indefinite term and stated the law as set out in 141 A. L. R. 1241, as follows: "Where the tenancy is fixed and certain, that is, where the tenant knows when he sows crops precisely when the lease will end, and it is plain that he cannot reap before the lease terminates, he has no right to the crops remaining unharvested, or at least to those that do not mature until after the termination of the lease."

The trial court, after hearing the testimony, ably applied this law thereto and stated that this is the common-law rule and is in effect in Colorado. The common-law rule as to tenancies from year to year has been modified by our statutes known as the possessory statute.

The finding of the trial court was wholly sustained by the evidence, and its proper application of the law resulted in the direction of the verdict herein and must be sustained.

The judgment is affirmed.

Mr. Chief Justice Hilliard and Mr. Justice Stone concur.